IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DORA M. ELDER and ]
TIMOTHY S. ELDER, ]
 ]
    Plaintiffs, ]
 ]
vs. ] Case No. 4:05-cv-12
 ]
RICKEY C. McCLELLAND and ] MATTICE/CARTER
THOMAS E. ABBOTT, ]
 ]
    Defendants. ]

REPORT AND RECOMMENDATION

Defendant Rickey C. McClelland has filed two motions to dismiss (Docs. 28 and 30) on the ground that plaintiffs have completely failed to cooperate in discovery in this case. These motions have been referred to the undersigned Magistrate Judge by the District Court for a Report and Recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED[1] that all claims against defendant Rickey C. McClelland brought by the plaintiffs in this action be DISMISSED pursuant to Fed. R. Civ. P. 37.

Defendant McClelland's first motion to dismiss, filed on October 17, 2006, seeks dismissal for the plaintiffs' continued failure to respond to interrogatories and requests for production. These discovery requests were originally sent to the plaintiffs on May 25, 2006. Following defendant

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

1

McClelland's motion to compel and a hearing on the motion, the undersigned Magistrate Judge entered an order requiring the plaintiffs to respond to defendant McClelland's discovery requests on or before Friday, September 29, 2006 (Doc. 27).  Further, the Order stated, **"Plaintiffs are notified that failure to comply with this order could result in sanctions up to and including dismissal of their claims."**  (Emphasis is original).

According to defendant McClelland, he has never received any responses to the outstanding discovery requests as ordered by the Court. He avers that "the plaintiffs' failure to respond to outstanding discovery has seriously hampered defendant's ability to prepare this case in a timely fashion."  No response has been filed to this motion to dismiss.

Defendant McClelland's second motion to dismiss, filed on February 15, 2007, avers that he noticed the plaintiffs for discovery depositions on January 11, 2007, at 9 a.m. in McMinnville, Tennessee, at the office of Attorney Thomas Bratcher. Counsel arrived at the appointed time, waited thirty minutes, and left after the plaintiffs did not appear for their depositions.  Before defendant noticed the plaintiffs for depositions, his attorney did telephone Mrs. Elder in an attempt to set a mutually convenient date and time for the deposition, but she would not give him a convenient date and time.  Plaintiffs have not responded to this motion to dismiss, either.

Dismissal of an action in whole or in part is one of the sanctions available to a court where a party refuses to cooperate and comply with court orders concerning discovery matters.  *See* Fed. R. Civ. P. 37(b)(2)(C) and (d).  Factors to consider when determining whether to dismiss claims under Rule 37 are  (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault, (2) whether the adversary is prejudiced by the failure to cooperate, (3) whether the party was warned that failure to cooperate could result in dismissal, and (4) whether sanctions less drastic than dismissal have been considered.  *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 766 (6th Cir. 2005), *cert. denied* 126 S.Ct. 1069 (2006).

I understand that the plaintiffs are representing themselves; however, I have previously advised times that they must comply with reasonable discovery requests if they wish to continue with their case.  During a hearing held on their former counsel's motion to withdraw, I advised plaintiffs of their duties to respond to discovery requests.  During the hearing on defendant's motion to compel, I advised them again of this duty and of the possible sanction of dismissal of their action.  Plaintiffs have not complied with the Court's order to provide discovery responses.  They have not responded to the defendant's motions to dismiss.  Accordingly, I can reach no other conclusion but that the plaintiffs' failure to comply with the undersigned's order was willful or in bad faith.  Further, defendant McClelland has been prejudiced in that he has been unable to obtain discovery from the plaintiffs in order to prepare his defense for this case.  Plaintiffs were warned that failure to cooperate in discovery could lead to sanctions up to and including dismissal.  A sanction less drastic than dismissal would not adequately insulate the defendant from the prejudice created by plaintiffs' failure to cooperate in discovery. Trial is scheduled for March 13, 2007.

Accordingly, it is RECOMMENDED that defendant McClelland's motions to dismiss be GRANTED pursuant to Fed. R. Civ. P. 37.

   s/William B. Mitchell Carter  
UNITED STATES MAGISTRATE JUDGE